[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
JOINT STIPULATION
The parties by their signatures hereon jointly stipulate as follows:
1. That the Court may enter a dissolution of marriage between them effective as of December 29, 1993 without prejudice to the Court's entrance of financial orders on or after that date and without prejudice to either parties right to appeal any and all financial and/or other orders entered, with the exception of the order of dissolution of marriage which the parties agree CT Page 10377-A shall be final.
2. Pursuant hereto, the parties agree that they shall file separate federal, state and municipal tax returns which Mr. Collins, the parties' accountant, shall prepare and that each party shall be responsible for his or her respective taxes due in connection with his or her separate income as stated on said returns, which returns and extensions, if any, the parties agree to exchange immediately on completion, but by no later than June 15, 1994. It is further agreed that the total federal, state and municipal taxes to be paid by Mrs. Burns on said separate returns shall be no greater than those projected by Mr. Collins to be due as long Mrs. Burns' total income is no greater than what Mr. Collins assumed, with the cost of said projections to be paid by Mr. Burns. In the event her total tax is under the above circumstances greater than Collins' projection, Mr. Burns will pay the overage.
3. The parties further agree that they shall equally share the savings in total taxes they achieve as a result of filing separately as opposed to the taxes that would have been CT Page 10377-B due and owing if the parties had been married and filed joint tax returns, with the party who achieves the greater total savings to pay over to the other a sufficient sum of money so that the savings achieved between the two is equalized. By way of example and since it is contemplated that the greater savings will be achieved by Mr. Burns, in the event that Mrs. Burns were to save $1,000 by filing separately as opposed to her proportionate share of the taxes that would be due on joint returns based on her proportionate share of her income as to compared to the total income of the parties, and Mr. Burns should save $3,000 under the same scenario, Mr. Burns will make a non-taxable payment to Mrs. Burns of $1,000 to equalize the savings of the parties at $2,000 each. Mr. Burns further agrees he will do nothing to purposely defer deductions he could otherwise claim on his 1993 returns in order to artificially reduce the savings he would otherwise achieve in 1993 by his filing separate as opposed to joint returns.
RESPECTFULLY SUBMITTED.
By CT Page 10377-C Patricia Burns Plaintiff
By Roger Burns Defendant
S422981.DOC 01/10/94